**JAMES T. BARNES & COMPANY, a Michigan Corporation, Plaintiff,**

**v.**

**George ROMNEY, in his official capacity as Secretary of the Department of Housing and Urban Development, Defendant.**

**Civ. No. 33457.**

United States District Court, E. D. Michigan, S. D.

Nov. 23, 1971.

Robert Friedman, Hyman & Rice, Southfield, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., by Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., for defendant.

### MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

THORNTON, District Judge.

 A motion to dismiss this cause for lack of subject matter jurisdiction has been filed by defendant herein and argued and briefed by counsel for the respective parties. The factual background of this suit may be succinctly set forth by quoting from a motion for par-

tial summary judgment heretofore filed by plaintiff:

"1. In 1965, plaintiff was the mortgagee on Federal Housing Administration project No. 044–00121, 'The Jeffersonian,' an apartment located in Detroit, Michigan.

2. Pursuant to the statutory provisions, defendant, through its agency, the Federal Housing Administration, insured said mortgage.

3. On or about June 1, 1965, the mortgagors, Arthur and Stella Fleishman, went into default on said mortgage and the note which said mortgage secures.

4. On or about August 10, 1965, the office of the commissioner of the Federal Housing Administration announced in part as follows: 'All claims received on and after September 5, 1965, will be paid in cash . . . a ninety (90%) percent partial settlement will be paid five (5) days after the claim is received.' A copy of said pronouncement is attached to defendant's Answer to the within cause and is herein incorporated by reference in its entirety.

5. Plaintiff elected to assign its interest to the Federal Housing Administration on October 27, 1965. The assignment was recorded on December 27, 1965.

6. On December 28, 1965, a seventy (70%) percent partial settlement of plaintiff's claim was paid in cash.

7. Thereafter, on January 25, 1966, the commissioner issued another bulletin to 'All Approved Mortgages' reading in part as follows: 'Effective with the date of this letter with respect to those multi-family mortgages where claims have been filed, mortgages assigned, or properties conveyed to the commissioner, settlement will be made by the issuance of debentures.'

8. Defendant completed the balance of plaintiff's insurance claim by payment of debentures.

9. The instant suit seeks recovery for the differential between the seventy (70%) percent of the claim paid in cash and the entire claim which plaintiff contends should have been paid in cash."

Plaintiff brings this action under 12 U.S.C. 1702, 28 U.S.C. § 1391(e) and 12 U.S.C. 1731, as amended. It is the position of defendant that the United States District Court is not a court of competent jurisdiction to determine this action, that the plaintiff's remedy is in the Court of Claims, and that the Tucker Act may not be circumvented by the naming of an individual as plaintiff rather than the United States of America. Plaintiff here appears to have no quarrel with the contention of defendant that plaintiff could have brought this suit in the Court of Claims against the United States. Its quarrel is with the defendant's position that the Court of Claims is the only forum available to it.

Plaintiff relies on 12 U.S.C. Section 1702—"The Secretary shall * * * be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." Defendant, in his brief, cites cases which he claims support his position. In United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 (1941) the Court did not, however, decide the issue here present. It ruled on the issue of the presence of private parties in a suit against the government. In Franklin v. United States, 308 U.S. 516, 60 S.Ct. 170, 84 L.Ed. 439 (1939) the Court affirmed the holding of the lower court (Franklin v. United States, 101 F.2d 459 (6th Cir. 1939)) that the United States had not consented to be sued in a tort action. And in National State Bank of Newark v. United States, 174 Ct.Cl. 872, 357 F.2d 704, (Court of Claims 1966) the Court, in holding that the Court of Claims had jurisdiction of the suit before it, stated that such jurisdiction was concurrent with other courts of competent jurisdiction. We think that this last case is supportive of plaintiff's position rather than defendants'. It not only does not hold that the Court of Claims is the only

forum for the kind of action there brought, but states, at page 711:

> "[W]e are holding that we have concurrent jurisdiction with 'any court of competent jurisdiction, State or Federal,' to entertain plaintiffs' claims. Our jurisdiction is derived from the Tucker Act and that of the other courts is derived from the FHA's 'to sue and be sued' clause."

Plaintiff cites and quotes from Ferguson v. Union National Bank of Clarksburg, 126 F.2d 753 (4th Cir. 1942) affirming the lower court in its ruling that it had jurisdiction in a suit that is apposite to the case at bar. We quote therefrom as follows, at pages 756–757:

> "We think there can be no question but that the court had jurisdiction of the cause. It is specifically provided that the Administrator in his official capacity may 'sue and be sued in any court of competent jurisdiction, State or Federal.' 49 Stat. 722, 12 U.S.C.A. § 1702. It could hardly have been intended by Congress that suits for over $10,000 against the Administrator could be brought in any state court of general jurisdiction, but in the federal jurisdiction only in the Court of Claims; and as we read recent decisions of the Supreme Court the jurisdiction of a United States District Court to entertain a suit against governmental agencies and corporations is not limited by the provisions of the Tucker Act, 28 U.S.C.A. §§ 41(20), 250 et seq."

See also George H. Evans & Co. v. United States, 169 F.2d 500, 502 (3rd Cir. 1948), the Court holding that "we agree with the court below that, as to the agency defendants, plaintiff was not dependent upon the Tucker Act, 28 U.S. C.A. § 41(20), as the basis of jurisdiction, and that consequently the $10,000 limitation of the Tucker Act is here inapplicable." The Court cited with approval the *Ferguson* case, *supra*, as did the Court in Seven Oaks v. Federal Housing Administration, 171 F.2d 947, 949 (4th Cir. 1948) and the Court in

Merge v. Sharott, 341 F.2d 989, 995 (3rd Cir. 1965).

After reviewing the applicable cases and statutes, the Court is persuaded that jurisdiction of this cause exists here concurrently with the Court of Claims.

Defendant's motion to dismiss is hereby denied.

## MEMORANDUM RE MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Contemporaneously with the filing of this memorandum the Court is filing its Memorandum and Order Denying Motion to Dismiss in this cause. We repeat here what we there set forth by way of the factual background of this controversy. From the plaintiff's Motion for Partial Summary Judgment we quote the following:

> "1. In 1965, plaintiff was the mortgagee on Federal Housing Administration project No. 044–00121, 'The Jeffersonian,' an apartment located in Detroit, Michigan.
>
> 2. Pursuant to the statutory provisions, defendant, through its agency, the Federal Housing Administration, insured said mortgage.
>
> 3. On or about June 1, 1965, the mortgagors, Arthur and Stella Fleishman, went into default on said mortgage and the note which said mortgage secures.
>
> 4. On or about August 10, 1965, the office of the commissioner of the Federal Housing Administration announced in part as follows: 'All claims received on and after September 5, 1965, will be paid in cash . . . a ninety (90%) percent partial settlement will be paid five (5) days after the claim is received.' A copy of said pronouncement is attached to defendant's Answer to the within cause and is herein incorporated by reference in its entirety.
>
> 5. Plaintiff elected to assign its interest to the Federal Housing Administration on October 27, 1965. The assignment was recorded on December 27, 1965.

6. On December 28, 1965, a seventy (70%) percent partial settlement of plaintiff's claim was paid in cash.

7. Thereafter, on January 25, 1966, the commissioner issued another bulletin to 'All Approved Mortgages' reading in part as follows: 'Effective with the date of this letter with respect to those multi-family mortgages where claims have been filed, mortgages assigned, or properties conveyed to the commissioner, settlement will be made by the issuance of debentures.'

8. Defendant completed the balance of plaintiff's insurance claim by payment of debentures.

9. The instant suit seeks recovery for the differential between the seventy (70%) percent of the claim paid in cash and the entire claim which plaintiff contends should have been paid in cash."

In accordance then with the FHA bulletin of August 10, 1965 announcing that claims received on and after September 5, 1965 would be paid in cash to the extent of 90% of the claims within five days after receipt, plaintiff assigned its interest to the FHA and was paid a 70% partial settlement in cash and 20% in debentures. It is this 20%, in debentures, that plaintiff claims is in violation of defendant's expressed commitment. Defendant does not here contend that there is any invalidity as to plaintiff's claim. The sole issue here is the right of defendant to force plaintiff to accept debentures in place of cash in light of the August 10, 1965 announcement relating to claims received on and after September 5, 1965, and apparently remaining unchanged until a bulletin dated January 25, 1966 officially announced the compulsory debenture program.

■ Defendant argues that "plaintiff's contract of mortgage insurance did not give it a right to a 90 percent settlement payable in cash within five days of assignment of the mortgage to the Commissioner. Nor did it obligate the Commissioner to make even a 70 percent cash settlement. Plaintiff's contract merely obligated the Commissioner to make an insurance settlement payable in FHA 3⅞ percent debentures upon plaintiff's completion of all legal and fiscal requirements of assignment." Plaintiff's position is that it has a right to the 90% partial insurance settlement in cash because it assigned its mortgage at a time when the FHA commitment/announcement to make a 90% cash partial settlement was in effect. We think that plaintiff is entitled to receive what defendant had agreed to give it upon receipt of its claim.

In his brief defendant refers to regulations promulgated by Federal agencies. Defendant cites recent cases in support of the proposition that Federal agencies are not "bound to their regulations." We deem this line of reasoning inapplicable here. The pronouncement of the FHA, dated August 10, 1965, copy of which is attached to defendant's Answer, is, perhaps, part of the agency's regulations, but on page 5 thereof is clear unmistakable language that the FHA has the option to settle mortgage insurance claims in cash or debentures, and that as to claims received on and after September 1, 1965 payment will be in cash "unless the mortgagee specifically requests debentures when the claim is filed." This is more than a policy statement. It is an offer to pay *cash* upon receipt of mortgage insurance claims. Once plaintiff accepted the offer defendant became obligated in accordance with the offer. Whether or not defendant's August 10, 1965 pronouncement is considered a regulation or a policy statement begs the issue.

Plaintiff is entitled to the partial summary judgment it seeks. As to which of the two modes suggested by plaintiff for awarding damages should be adopted, the Court will receive recommendations from defendant.

Order, or orders, may be presented in accordance with the foregoing.