**AKIN MOBILE HOMES, INC., a Mississippi corporation, Plaintiff,**

v.

**SECRETARY OF HOUSING & URBAN DEVELOPMENT and Department of Housing & Urban Development, an agency of the U. S. Government, Washington, D. C., Defendants.**

Civ. A. No. 1621.

United States District Court,
S. D. Mississippi, E. D.
Oct. 6, 1972.

the defendants, Secretary of Housing & Urban Development and The Department of Housing & Urban Development (hereinafter referred to as "HUD"), seeking damages in the amount of $76,002.25. The Complaint alleges that immediately following Hurricane Camille, the plaintiff negotiated with officials of HUD seeking to lease approximately 400 mobile homes to HUD for use by homeless residents and was thereafter advised that it had been awarded contracts for the placement and lease of these mobile home units. The plaintiff further alleges that because time was of the essence, the parties proceeded under verbal contracts and at no time during the contract negotiations was there any mention by HUD officials, or consideration given by the plaintiff in the quotation of lease prices, of the payment of any state or local taxes.

The plaintiff contends that after it had delivered 350 mobile homes to the Mississippi Gulf Coast and had obligated itself to pay the manufacturers of these homes, officials of HUD presented for the first time written contracts containing a clause requiring the plaintiff to be responsible, within the negotiated prices, for all applicable state and local taxes. It is the contention of the plaintiff that it was forced to sign these contracts requiring payment of a state use tax in the sum of $57,984.75 and ad valorem taxes in the amount of $28,017.50 in order to secure payment from HUD and thus meet its financing arrangements with the manufacturers of these trailers.

It is the plaintiff's position that HUD officials knew or should have known that the plaintiff was not familiar with government contracts, including the clause requiring payment of state and local taxes, and these officials should have made this clause known in their telephone and telegraph negotiations with the plaintiff. Plaintiff also alleges that HUD officials renegotiated the prices in contracts with two other leasing companies in order to compensate these companies for losses they would

Thomas M. Hendricks, Jr., Pigford & Hendricks, Meridian, Miss., for plaintiff.

Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

NIXON, District Judge.

This action was brought by the plaintiff, Akin Mobile Homes, Inc., against

have sustained if required to pay state and local taxes.[1]

It is the position of the defendants that because this is an action arising out of a contract between the parties, the relief sought would only be available in a suit against the United States as sole defendant in the Court of Claims and not in a United States District Court, because the amount in question exceeds the $10,000 limitation of The Tucker Act. 28 U.S.C. § 1346(a)(2). The defendants thus contend that this case should be dismissed for lack of jurisdiction.

■ Although the United States is not named as a party defendant in this case, the relief sought envisions the expenditure of public funds and thus requires this action to be considered as an unconsented suit against the United States. Larson v. Domestic and Foreign Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed. 2d 168 (1962); Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). This Court is of the further opinion that under the facts of this case, as outlined hereinabove, there can be no application of the two recognized exceptions to the above stated rule, which are: (1) actions by officers beyond their statutory powers, and (2) the statutory powers themselves, or the manner in which they are exercised, are constitutionally void. Malone v. Bowdoin, *supra;* Dugan v. Rank, *supra.*

■ This suit arises out of a dispute concerning contractual negotiations between the parties and the failure of the plaintiff to obtain reformation of the contract thereafter. The relief sought herein is similar to that obtained by the plaintiff in Chernick v. United States, 372 F.2d 492, 178 Ct.Cl. 498 (1967), in which the Court held that where the contracting officer of the United States should have known of an error in the bid for annual rent increases submitted therein, but did not warn bidders prior to recision becoming infeasible, the bidders were entitled to an upward adjustment of the rental to correspond to the bid they had actually intended. The *Chernick* case was properly brought in the Court of Claims, as the case sub judice should have been, the amount in controversy in each case exceeding the $10,000 amount limiting the District Court's jurisdiction in contractual suits of this type.[2]

■ It is necessary for this Court to examine a line of cases holding that the United States District Court has concurrent jurisdiction with the Court of Claims in actions where the Secretary is sued in his official capacity.[3] This reasoning is set forth in the recent case of Barnes v. Romney, in his official capacity as Secretary of HUD, 334 F.Supp. 657 (E.D.Mich., 1971), in which the Court stated:

"Plaintiff brings this action under 12 U.S.C. 1702, 28 U.S.C. § 1391(e) and 12 U.S.C. 1731, as amended. It is

1. The plaintiff moved and will be granted permission to amend his Complaint by adding an additional paragraph as follows:

"Plaintiff alleges that all of the above referred to duties and powers exercised by the officials of HUD at the times and places referred to above were exercised in a manner which was unconstitutional and thereby deprived the plaintiff of property without due process of law."

2. 28 U.S.C. § 1346(a)(2); United States v. Sherman Gardens Company, 298 F. Supp. 1332, 1334 (D.Nev., 1967); Cenna v. United States, 402 F.2d 168 (3d Cir., 1968).

3. Although 28 U.S.C. § 1361 and 28 U.S.C. § 1391(e), relied upon for jurisdiction by the plaintiff, do provide general venue and jurisdiction in the United States District Court of actions against Federal officers in mandamus and injunction cases, they do not create new causes of action nor constitute a waiver of sovereign immunity. See White v. Administrator of G. S. A., 343 F.2d 444 (9th Cir., 1965); Housing Authority, San Francisco v. HUD, 340 F.Supp. 654 (N.D.Calif., 1972).

the position of defendant that the United States District Court is not a court of competent jurisdiction to determine this action, that the plaintiff's remedy is in the Court of Claims, and that the Tucker Act may not be circumvented by the naming of an individual as plaintiff rather than the United States of America. Plaintiff here appears to have no quarrel with the contention of defendant that plaintiff could have brought this suit in the Court of Claims against the United States. Its quarrel is with the defendant's position that the Court of Claims is the only forum available to it.

"Plaintiff relies on 12 U.S.C. Section 1702—'The Secretary shall * * * be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.' . . . And in National State Bank of Newark v. United States, 357 F.2d 704, 174 Ct.Cl. 872 (Court of Claims 1966) the Court, in holding that the Court of Claims had jurisdiction of the suit before it, stated that such jurisdiction was concurrent with other courts of competent jurisdiction. We think that this last case is supportive of plaintiff's position rather than defendants'. It not only does not hold that the Court of Claims is the only forum for the kind of action there brought, but states, at page 711:

'[W]e are holding that we have concurrent jurisdiction with "any court of competent jurisdiction, State or Federal," to entertain plaintiffs' claims. Our jurisdiction is derived from the Tucker Act and that of the other courts is derived from the FHA's "to sue and be sued" clause.'

"Plaintiff cites and quotes from Ferguson v. Union National Bank of Clarksburg, 126 F.2d 753 (4th Cir., 1942) affirming the lower court in its ruling that it had jurisdiction in a suit that is apposite to the case at bar. We quote therefrom as follows, at pages 756–757:

'We think there can be no question but that the court had jurisdiction of the cause. It is specifically provided that the Administrator in his official capacity may "sue and be sued in any court of competent jurisdiction, State or Federal." 49 Stat. 722, 12 U.S.C.A. § 1702. It could hardly have been intended by Congress that suits for over $10,000 against the Administrator could be brought in any state court of general jurisdiction, but in the federal jurisdiction only in the Court of Claims; and as we read recent decisions of the Supreme Court the jurisdiction of a United States District Court to entertain a suit against governmental agencies and corporations is not limited by the provisions of the Tucker Act, 28 U.S.C.A. §§ 41(20), 250 et seq.'

"See also George H. Evans & Co. v. United States, 169 F.2d 500, 502 (3rd Cir. 1948), the Court holding that 'we agree with the court below that, as to the agency defendants, plaintiff was not dependent upon the Tucker Act, 28 U.S.C.A. § 41(20), as the basis of jurisdiction, and that consequently the $10,000 limitation of the Tucker Act is here inapplicable.' The Court cited with approval the Ferguson case, supra, as did the Court in Seven Oaks v. Federal Housing Administration, 171 F.2d 947, 949 (4th Cir. 1948) and the Court in Merge v. Sharott, 341 F.2d 989, 995 (3rd Cir. 1965).

"After reviewing the applicable cases and statutes, the Court is persuaded that jurisdiction of this cause exists here concurrently with the Court of Claims."

It is unnecessary for this Court to determine the applicability of the *Barnes* rationale in the case sub judice. The statutory basis for the assumption of ju-

risdiction in *Barnes* was 12 U.S.C. § 1702, which provides:

" . . . The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, X, IX, IX–A, and IX–B, of this chapter, be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."

The actions of the defendant Secretary complained of herein do not, however, arise from the carrying out by HUD officials of any of the provisions of the subchapters specified in § 1702, but rather from actions pursuant to 42 U.S.C. § 1855b. This section provided the statutory authority during the period in question for the Government to secure temporary housing or other emergency shelters after Hurricane Camille.[4] Section 1855b does not contain a "sue and be sued" clause and significantly provides:

"The Federal Government shall not be liable for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Government in carrying out the provisions of this section."

This Court is of the opinion that 12 U.S.C. § 1702 does not provide a basis for jurisdiction of this Court concurrent with the Court of Claims for this contractual action against the defendant Secretary and the Department of HUD.

It is thus the opinion of this Court that it is without jurisdiction to grant any of the relief sought herein by the plaintiff and the Motion of the Defendants to Dismiss will be granted.

An Order conforming to the above Opinion, approved as to form by both parties, shall be presented by the defendants within the time and manner prescribed by the Rules of this Court.

---

4. It should be noted that 42 U.S.C. § 1855b has now been repealed and provision for temporary housing in disasters is now pursuant to § 226(a) of the Disaster Relief Act of 1970 (Dec. 31, 1970), codified as 42 U.S.C. § 4436(a).