HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff,

v.

TOWN OF SALTILLO, MISSISSIPPI et al., Defendants.

No. EC 72-123-K.

United States District Court,
N. D. Mississippi, E. D.

Feb. 8, 1974.

L. F. Sams, Jr., Tupelo, Miss., for plaintiff.

Anthony T. Farese, Ashland, Miss., for George & Ruth Little.

Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., Vardaman S. Dunn, Jackson, Miss., for Choctaw, Inc.

W. P. Mitchell and Dudley R. Carr, Tupelo, Miss., for Town of Saltillo and Lawson.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This cause is before the court on motion to dismiss of the Secretary of Housing and Urban Development (HUD). Movant asserts the doctrine of governmental immunity and relies on Akin Mobile Homes, Inc. v. Secretary of HUD, 354 F.Supp. 1036 (S.D.Miss.1972), aff'd, 475 F.2d 1261 (5 Cir. 1973), to support the proposition that if relief is available at all in the instant case, jurisdiction exists only in the Court of Claims.

This suit arose out of a contract between the Town of Saltillo, a Mississippi municipality, and George Little, d/b/a George Little Supply Company, for the construction of certain sanitary sewer facilities at an original cost of $302,990. Plaintiff, Hartford Accident and Indemnity Company, as surety, executed a performance and payment bond with Little as principal. The United States became involved in the sewer project when HUD contracted with Saltillo to purchase bonds not exceeding $275,000 issued by the town to assist in financing the construction of the facilities.

By an amended complaint, plaintiff alleged that although the project had been

completed, Saltillo and its engineer have wrongfully withheld approval of the work and final payment for its completion. Plaintiff seeks a determination that the contract has been substantially performed and that Saltillo be held liable for extra work performed by Little. Furthermore, plaintiff seeks adjudication of whether HUD is required to give its approval of the project as a prerequisite to final disbursement of payment funds for the project. In this connection, plaintiff alleges that it has been advised and believes that the project has been verbally approved by a representative of HUD, but written approval has been withheld. Plaintiff's position is that HUD's approval of the work is unnecessary and not required by HUD's loan agreement with Saltillo. The twenty-page loan agreement, which is attached as an exhibit to the amended complaint, is a document containing numerous terms and conditions relating not only to the financing aspects of the project but also such considerations as compliance with equal employment opportunity, insurance, method of payment of contractors and the government's right to inspect all work, materials, payrolls, records of personnel, etc. It is significant that the agreement provides at the outset that the terms and conditions thereof constitute "Part of the Loan Agreement Providing for the Financing and Construction of Public Works or Facilities under Title II of the Housing Amendment of 1955 (Public Law 345, 84 Congress, as Amended)." Saltillo's application for and acceptance of federal assistance was made expressly under that statutory program.

For reasons that follow, we are of the opinion that the motion to dismiss is not well taken and, therefore, must be overruled.

In the case sub judice, the government's action in undertaking to provide aid to the municipality was pursuant to Title II of the Housing Amendments of 1955 (P.L. 345), which has been codified in 42 U.S.C. § 1491 et seq. 42 U.S.C. 1494, which is a codification of § 204 of Title II, provides that:

"[I]n the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Secretary shall (in addition to any authority otherwise vested in him) have the functions, powers, and duties set forth in section 1749a of Title 12, except subsection (c)(2) of such section."

12 U.S.C. § 1749a(c)(3), provides that:

"[T]he Secretary, notwithstanding the provisions of any other law, may . . . sue and be sued. . . ."

■■■ As a general principle the United States is, of course, immune from suit unless it consents to be sued, United States v. King, 395 U.S. 1, 89 S. Ct. 1501, 23 L.Ed.2d 52, and since a suit against a federal official in his official capacity is a suit against the United States, Seven Oaks, Inc. v. Federal Housing Administration, 171 F.2d 947 (4 Cir. 1948), movant may assert the defense of governmental immunity. It is apparent, however, that Congress waived governmental immunity and authorized HUD to sue and be sued for disputes arising from the administration of Title II of Housing Amendments of 1955. These statutes not only make suits against HUD under the Public Facility Loan Program consented actions, but confer concurrent jurisdiction in federal district courts and the Court of Claims. Ferguson v. Union National Bank of Clarksburg, 126 F.2d 753 (4 Cir. 1942); George H. Evans & Co. v. United States, 169 F.2d 500 (3 Cir. 1948); James T. Barnes & Co. v. Romney, 334 F.Supp. 657 (E.D.Mich.1971).

Movant has cited no case which convinces us that HUD is either immune from suit, or, assuming HUD is amenable to suit, that this court is the improper forum.

In *Akin*, the United States, as defendant, moved to dismiss an action arising out of contract on the ground that the relief sought against HUD would be

available only in the Court of Claims because the amount in controversy exceeded the $10,000 limitation of the Tucker Act, 28 U.S.C. § 1346(a)(2). In that case damages were sought for HUD's actions taken under statutory authority, 42 U.S.C. § 1855b, to provide temporary housing or emergency shelter after Hurricane Camille. The plaintiff in *Akin* relied on Barnes v. Romney, supra, which held that federal district courts have concurrent jurisdiction with the Court of Claims where the Secretary of HUD is sued in his official capacity in an action brought by the holder of an FHA insured mortgage. In *Barnes*, the statutory basis for assumption of jurisdiction was 12 U.S.C. § 1702 which provides that the Secretary, in carrying out the provisions of the relevant subchapters of the statute in his official capacity, shall be authorized to "sue and be sued in any court of competent jurisdiction, State or Federal,"—virtually the same words found in 12 U.S.C. § 1749a(c)(3).

Without expressing a view on the merits of the *Barnes* rationale, District Judge Nixon, in *Akin*, found the *Barnes* case easily distinguishable. The Court stated at 354 F.Supp. 1040:

> "The actions of the defendant Secretary complained of herein do not, however, arise from the carrying out by HUD officials of any of the provisions of the subchapters specified in § 1702, but rather from actions pursuant to 42 U.S.C. § 1855b.

> ". . . *Section 1855b does not contain a 'sue and be sued' clause.*

> . . .

> "This court is of the opinion that 12 U.S.C. § 1702 does not provide a basis for jurisdiction of this Court concurrent with the Court of Claims for *this* contractual action against the defendant Secretary and the Department of HUD." (Emphasis added).

In our view, *Akin* provides no support for movant here; instead, the *Barnes* decision, with its supporting line of cases, is analogous to an action involving Public Facility Loans, brought under Title II of the Housing Amendments Act of 1955. We adopt its rationale for the case sub judice.

For the foregoing reasons, the motion to dismiss filed on behalf of the Secretary of Housing and Urban Development is hereby denied.