**SEVEN OAKS, Inc. v. FEDERAL HOUSING ADMINISTRATION et al.**

No. 5785.

United States Court of Appeals
Fourth Circuit.

Dec. 11, 1948.

948

John W. Pearsall and William H. King, both of Richmond, Va. (McGuire, Eggleston, Bocock & Woods, of Richmond, Va., on the brief), for appellant and cross-appellee.

Isidor Lazarus, Atty., Department of Justice, of Arlington, Va.. (H. G. Morison, Asst. Atty. Gen., George R. Humrickhouse, U. S. Atty. for Eastern District of Virginia, of Richmond, Va., and Edward H. Hickey, Sp. Asst. to the Atty. Gen., on the brief), for appellees and cross-appellants.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing for improper venue an action instituted in the Eastern District of Virginia against the Federal Housing Administration. Plaintiff is a corporation of the State of Virginia having its office and principal place of business in the Eastern District of that state. The complaint alleges three causes of action, the first two of which ask damages on account of alleged negligence and wrongful conduct and the third seeks to have a trust in favor of plaintiff declared with respect to certain real estate in the district owned by the Housing Administration. Raymond M. Foley as Commissioner of the Housing Administration was originally named as defendant, but on motion of plaintiff the Administration was substituted in his stead. Plaintiff contends that there was error in holding the venue to be improper. Defendant not only seeks to sustain this holding, but contends also that the dismissal was proper on the additional ground that plaintiff had allowed more than six months to elapse after the retirement of Foley as Housing Administrator before obtaining the order substituting the Administration as defendant.

We think that the venue was proper and that there was error in dismissing the suit. The Eastern District of Virginia was the district in which the cause of action arose, the Housing Administration was carrying on business in that district and one of the purposes of the suit was to have a trust declared on real estate there situate. We think that the statute permitting suit against the Housing Administration authorized suit within the district; that, irrespective of this, the suit was properly brought within the district because of the venue statute relating to corporations; and that, in any view of the case, it was properly brought as to the third cause of action alleged which was a local action relating to real estate within the district.

The statute giving consent to suit is more than a mere waiver of immunity. It provides not only that the agency may be sued but also in what courts suit may be instituted. The exact language of the statute is: "The Administrator shall, in carrying out the provisions of this title and titles II and III, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 49 Stat. 722, 12 U.S.C.A. § 1702. There is no more ambiguity in the language used and no more reason to restrict its meaning than there was the meaning of the language permitting suit in "any United States District Court" in the Railway Labor Act, 45 U.S.C.A. § 151 et seq. See Robertson v. Railroad Labor Board 268 U.S. 619, 623, 624, 45 S.Ct.

621, 623, 69 L.Ed. 1119. It is necessary, as pointed out in that case, that the court in which suit is brought be able to acquire jurisdiction over the defendant by service of its process; but where the Housing Administration is doing business within a district and has present an agent in charge of its affairs, there is no reason why service of process cannot be made upon it and upon the United States, whose representative it is, in accordance with the provisions of Rule 4(d) (4) and (5), Federal Rules of Civil Procedure, 28 U.S.C.A. Any inconvenience resulting from choice of districts can easily be obviated by the change of venue provided for in 28 U.S.C.A. § 1404(a). We do not think, therefore, that it is necessary to look beyond the statute authorizing suit against the Housing Administration to sustain the venue.

If, however, the statute authorizing suit against the Housing Administration be regarded as a mere waiver of immunity, we think that suit within the district was authorized on the ground that the Administration is to be regarded as a public corporation within the meaning of the venue statutes and was suable within the district because engaged in business there. While the Housing Administration may not be a corporation in the strict sense of the word, it is given many powers of corporations; and it is worth noting that the power to sue and be sued was conferred upon it by a provision of the statute creating a federal corporation, the Federal Deposit Insurance Corporation, 49 Stat. 722. It is listed by the Supreme Court itself among the federal corporations created by recent acts of Congress (Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 390, 59 S.Ct. 516, 83 L.Ed. 784); and that court has held that suit may be brought against it in its agency name just as though it were a corporation. Federal Housing Administration, Region No. 4, v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724. We see no reason why such an agency should not be treated, for purposes of suits against it, as a federal corporation within the meaning of the venue statute which provides that "a corporation may be sued in any judicial district in which it * * * is doing business". 28 U.S.C.A. § 1391(c).

The contention that it was the intention of Congress that the venue of suits against the Housing Administration be limited to the District of Columbia, the official residence of the Administrator, or that the Administration should have the discretion to say when it might be sued elsewhere by waiving venue, will not bear analysis. Congress certainly knew, when providing for suit in state courts, that there were no such courts in the District of Columbia; and when it provided that a great business agency authorized to engage in business throughout the country might sue and be sued like an ordinary business corporation, it could hardly have intended that persons in California, Hawaii or Alaska, desiring to exercise the right to sue must travel to the District of Columbia to do so. Cf. Ferguson v. Union National Bank of Clarksburg, 4 Cir. 126 F.2d 753, 757. Provision is made that suits against the United States shall be brought in the district of plaintiff's residence, or, in the case of tort claims, where the act or omission complained of occurred. 28 U.S.C.A. § 1402. Suits against officials of the government in their official capacity are suits against the United States. Krug v. Fox, 4 Cir., 161 F.2d 1013, 1018-1020, and cases there cited. There would be no sense in requiring a suit such as this, which is a suit against an official in his official capacity with respect to business transactions of a government agency, to be brought in the District of Columbia, while allowing other suits against the government, where there is less reason to consult the convenience of plaintiffs, to be brought by them in the districts of their residence.

It must be conceded by everyone that it is highly desirable that a federal agency such as the Housing Administration be suable in the district where it is doing business on causes of action arising out of the business done there. Counsel for defendant argue, however, that only Congress can make them so suable and that Congress has not done so. We think that the view of defendant restricts too narrowly the meaning of the language used in the statute authorizing suit and also the language of the venue statute relating to suits against corporations. The will of Congress that the Housing Administration be subjected to suit in

the same way as other federal corporations dealing with the public seems sufficiently clear (Federal Housing Administration, Region No. 4 v. Burr, supra) and, as was well said by Mr. Justice Holmes in Johnson v. United States, 1 Cir., 163 F. 30, 32, 18 L.R. A.,N.S., 1194, quoted in Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 391, 59 S.Ct. 516, 83 L.Ed 784, "The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before."

■ Irrespective of other considerations, the fact that the suit sought to impress a trust on real estate within the district was sufficient to satisfy the venue requirements as to that cause of action. See 28 U.S.C.A. §§ 1392(b), 1655 (old section 118). General Investment Co. v. Lake Shore M. S. Ry. Co., 260 U.S. 261, 280, 43 S.Ct. 106, 67 L.Ed. 244; Williams v. Williams, 7 Cir., 61 F.2d 257; Porter v. Cooke, 5 Cir., 63 F.2d 637; Kelleam v. Maryland Casualty Co., 10 Cir., 112 F.2d 940. Consent that the Housing Administration be sued had been expressly given. 49 Stat. 722. Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724. And the agency had been duly served with process by service upon the state director and upon the United States Attorney and the Attorney General of the United States. Federal Rules Civil Procedure 4(d) (4) and (5).

■ Entirely without merit is defendant's position that the dismissal should be affirmed because the Housing Administration was substituted as defendant for Foley more than six months after his retirement as Administrator. A suit against the Administrator in his official capacity is a suit against the Housing Administration, and vice versa. Federal Housing Administration, Region No. 4 v. Burr, supra, 309 U.S. 242, 249, 250, 60 S.Ct. 488, 84 L.Ed. 724. The amendment, therefore, did not change

the real defendant in the case, which was at all times the Housing Administration; and there is no basis in law or in reason for holding that the suit should be dismissed because the amendment was not made within the six months period prescribed by Rule 25(d). Fleming v. Goodwin, 8 Cir., 165 F. 2d 334; United States v. Koike, 9 Cir. 164 F.2d 155.

We have not considered and make no intimation as to the right of plaintiff to maintain suit on the causes of action alleged, nor as to the validity of the defenses asserted against them. We prefer to consider questions with regard to these matters in the light of the facts as they may be developed in the further hearing of the case. For the reasons stated, we think that there was error in dismissing the case and the order to that effect will accordingly be reversed.