**DAVIES PRECISION MACHINING, INC.; David Davies; and Timothy Pickett**

v.

**DEFENSE LOGISTICS AGENCY and the General Services Administration.**

Civ. A. No. 93–3242.

United States District Court, E.D. Pennsylvania.

June 25, 1993.

Fred Barakat, Chadds Ford, PA, for plaintiffs.

James G. Sheehan, Asst. U.S. Atty., Civ. Div. and Karen Elizabeth Rompala, Asst. U.S. Atty., Philadelphia, PA, for defendant.

### *MEMORANDUM*

KATZ, District Judge.

Defendants Defense Logistics Agency (DLA) and the General Service Administration (GSA) move this court to dismiss the complaint or in the alternative to transfer this case to a proper venue pursuant to 28 U.S.C. § 1406(a). For the following reasons, I will dismiss the complaint as the Eastern

District of Pennsylvania is improper venue for this action.

## I. BACKGROUND

This case stems from the Plaintiffs' debarment from doing business with the government based upon Plaintiffs' performance of contracts issued by the Defense Construction Supply Center. In their complaint, Plaintiffs seek a review of the May 20, 1993, debarment order of the DLA issued by Janet C. Cook (Cook), Special Assistant for Contracting Integrity of the DLA. *See* Complaint Count 1. Plaintiffs also request that this court (1) dismiss the debarment action; (2) stay the order of the DLA pending the court's review; (3) issue a writ of mandamus and writ of prohibition directing the GSA to remove the names of the Plaintiffs from the list of debarred persons or contractors; and (4) award attorney's fees under the Equal Access to Justice Act. *See* Complaint Counts 2–5. Defendants have moved that this action be dismissed for improper venue or in the alternative transferred to a district where proper venue lies. 28 U.S.C. § 1406(a).

## II. THE ISSUE OF PROPER VENUE

Plaintiffs assert that venue is proper in the Eastern District of Pennsylvania based upon 28 U.S.C. § 1391(e)[1] and 28 U.S.C. § 1391(c).[2] I disagree.

### A. Venue Pursuant to 28 U.S.C. § 1391(e)

■ Congress has provided that venue is proper in actions against federal officers and agencies in the judicial district where "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides

1. Plaintiffs claim that DLA resides in the Eastern District of Pennsylvania in that is maintains substantial offices in Philadelphia and Reading. *See* Complaint at p. 2 and Plaintiffs' Answer.

2. Plaintiffs argue that *Seven Oaks, Inc. v. Federal Housing Administration*, 171 F.2d 947 (4th Cir. 1948), establishes that federal agencies may be treated as corporations for venue purposes under 28 U.S.C. § 1391(c). *See* Complaint at p. 2.

if no real property is involved in the action." 28 U.S.C. § 1391(e).

In this action, an argument for finding venue in the Eastern District of Pennsylvania is that the defendants reside here.[3] There is no real property involved in this case. The claim did not arise in the Eastern District of Pennsylvania. All of the contracts forming the basis for the debarment action were issued and handled by the Defense Construction Supply Center. *See id.* at ¶¶ 10, 16, and 20. The Defense Construction Supply Center is located in Columbus, Ohio. The debarment order was issued by Cook, who is located at the Office of General Counsel, Alexandria, Virginia. *See id.* at p. 2. The Plaintiffs argue "that transactions out of which this action ultimately arose were performed by those agency [DLA] offices in this district [the Eastern District of Pennsylvania]." *See* Plaintiffs' Answer at p. 3. Plaintiffs, however, characterize these transactions as the payment and administration office for all of the contracts at issue and the quality control and administration office for all of the contracts at issue. *Id.* at p. 2. These transactions do not constitute "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(e)(2). The claim in this court turns on the alleged unfairness of the debarment order by Cook in Virginia.

Furthermore, none of the plaintiffs reside in the Eastern District of Pennsylvania. The individual plaintiffs, David Davies (Davies) and Timothy Pickett (Pickett), are residents of Lebanon, Pennsylvania. *See* Complaint ¶¶ 2, 3. The corporate plaintiff, Davies Precision Machining, Inc. (Davies Precision), is a Pennsylvania corporation with its principal place of business in Lebanon, Pennsylvania. *See id.* at ¶ 1. Lebanon, Pennsylvania, is in the Middle District of Pennsylvania.

This issue shall be addressed by the court in this memorandum.

3. The Plaintiffs argue that venue is also proper in the Eastern District of Pennsylvania because witnesses are located here. The location of witnesses, however, is not one of the listed factors to examine in determining venue. 28 U.S.C. § 1391(e).

Plaintiffs allege that venue is proper in the Eastern District of Pennsylvania because DLA maintains offices in this district and, therefore, "resides" in this district. *See* Complaint at p. 2. The mere fact that DLA maintains offices in this district does not establish venue in the Eastern District of Pennsylvania. *See Reuben H. Donnelley Corp. v. Federal Trade Commission,* 580 F.2d 264, 267 (7th Cir.1978). *See also Superior Oil Co. v. Andrus,* 656 F.2d 33, 40–41 (3d Cir.1981) (discussing the distinction between statutory use of the terms "reside" and "may be found" with regard to government agencies and venue statutes).

"There is nothing in the statute [28 U.S.C. § 1391(e) ] or its legislative history which suggests that Congress also sought to allow a federal agency to be sued *eo nomine* wherever it may maintain an office. To the contrary, the wording of the statute itself precludes such an expansive reading." *Donnelley,* 580 F.2d at 267. The *Donnelley* court stated that "[w]ith the vast growth of federal bureaucracy, federal agencies undoubtably have offices in most, if not all, judicial districts. That being true, there would have been little need for the subsections dealing with the specifics of where the cause of action arose, where the plaintiff resides, and where relevant real estate is situated, if such an expansive interpretation of residency of a defendant were intended by Congress." *Id.* The Seventh Circuit was also concerned that forum shopping might result if a plaintiff were allowed to sue a government agency in a remote district. *Id.*

In examining the issue, I find persuasive the fact that since at least 1962, plaintiffs have had the choice to sue in the plaintiff's home judicial district. *See Donnelley,* 580 F.2d at 267 & n. 4, 6. *See generally Stafford v. Briggs,* 444 U.S. 527, 534–43, 100 S.Ct. 774, 779–84, 63 L.Ed.2d 1 (1980) (discussing the legislative history of 28 U.S.C. § 1391(e) in the context of suits for money damages against government officials in their individual capacity). With Congress providing such a convenient alternative venue, I find no reason to contort the statutory language of 28 U.S.C. § 1391(e) to require that a federal agency be deemed to reside in a judicial district with which it has no other contact other than the fact that a regional office operates there.

In examining the facts of this case, I find that while the DLA does maintain offices in the Eastern District of Pennsylvania, this factor alone does not mean DLA resides in this district. The offices in the Eastern District of Pennsylvania offices did not engage in any substantial part of the activity, which is at the heart of the complaint. Plaintiffs could bring suit in the Middle District of Pennsylvania, where they reside.

**B. Venue Pursuant to 28 U.S.C. § 1391(c)**

Plaintiffs further argue that DLA should be treated as a corporation for purposes of 28 U.S.C. § 1391(c). Pursuant to 28 U.S.C. § 1391(c), a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." The Plaintiffs claim that any federal agency, including the Defendants, may be considered a public corporation based upon *Seven Oaks, Inc. v. Federal Housing Administration,* 171 F.2d 947 (4th Cir.1948). I find, however, the *Seven Oaks* case distinguishable and the Plaintiffs' argument unpersuasive.

In *Seven Oaks,* the Fourth Circuit reviewed the dismissal for improper venue of a case seeking *inter alia* a trust in favor of the plaintiff declared with respect to certain real estate owned by the Housing Administration in the district where the action was commenced. The *Seven Oaks* court found that venue was proper in the Eastern District of Virginia because that was the district where the cause of action arose and the real estate involved in the action was located. In addition, the court recognized that the statute permitting suit against the Housing Administration also permitted suit in any district where the Housing Administration is doing business. *Id.* at 948–49. The *Seven Oaks* court then stated in the alternative that if the statute allowing suit against the Housing Administration was read more narrowly to only permit waiver of immunity, the Administration should be regarded as a public corporation. *Id.* The court said that the Housing Administration's power to sue and be sued

was conferred upon it by a provision of the statute creating the Housing Administration as a federal corporation. *Id.* at 949. The court then concluded that "[w]e see no reason why such an agency [referring to the Federal Housing Administration] should not be treated, for purposes of suits against it, as a federal corporation within the meaning of the venue statute which provides that 'a corporation may be sued in any judicial district in which it ... is doing business.' [28 U.S.C. § 1391(c)]." *Id.* In dicta, the Fourth Circuit noted that "[i]t must be conceded by everyone that it is highly desirable that a federal agency such as the Housing Administration be suable in the district where it is doing business on causes of action arising out of the business done there." *Id.*

To read *Seven Oaks* as allowing any federal agency to be viewed as a public corporation for venue purposes is to ignore the Fourth Circuit's logic and to overlook that court's reasoning.[4] The district where the action commenced in the *Seven Oaks* case had several contacts in addition to having the Housing Administration office there. Furthermore, the Fourth Circuit gave weight to the fact (absent here) that the cause of action arose out of the business the Housing Administration was doing in that district. In addition, the Administration's creating statute allowed the Housing Administration to be sued in any court of competent jurisdiction. None of these factors are present in the case at bar.

I cannot find a general rule that all federal agencies are to be viewed as public corporation for 28 U.S.C. § 1391(c) purposes. If that were the intent of Congress such a provision could have easily been added to the venue subsection dealing specifically with federal agencies and officials. *See Donnelley,* 580 F.2d at 267, n. 5 (disregarding the argument the analogy that the FTC was "doing business" in the district thus amenable to suit in that district since such language could have been added to 1391(e)).

## III. CONCLUSION

For the reasons stated in this memorandum, the above-captioned case is dismissed

pursuant to 28 U.S.C. § 1406(a). Since there is more than one district where venue may be proper, this action shall be dismissed rather than transferred.

---

**4.** In addition, one should read *Seven Oaks* in light of the fact that at the time the case was

decided, federal officials and agencies could only be sued in the District of Columbia.