Dennis JOHNSON a/k/a Dennis Dickens a/k/a Wayne Lawrence, Plaintiff,

v.

Col. HILL, (Supt.), Defendant.

Action No. 2:97cv130.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 10, 1997.

Dennis Johnson, Reston, VA, pro se.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, brings this *pro se* action pursuant to 42 U.S.C. § 1983, to

redress alleged violations of his constitutional rights. Plaintiff claims that he was wrongfully incarcerated at the Prince William County Jail for nearly a week after the Virginia parole board ordered his release. He also claims that he was beaten by another inmate while confined at the jail. He demands $100,000 in money damages.

■ Pursuant to 28 U.S.C. § 1915A[1], the Court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a)[2]. The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

■ In this case, Johnson prepaid the entire filing fee. Although the court often engages in the section 1915A screening process before the plaintiff has paid the entire filing fee, see 28 U.S.C. § 1915(a)(1) (permitting indigent litigants to proceed *in forma pauperis* without prepayment of the filing fee), the plain language of the statute clearly allows the court to conduct a review even if the plaintiff is not proceeding *in forma pauperis* and has paid the full fee. *See* 28 U.S.C. § 1915A(a) ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks re-

dress ..."); *see also In re Prison Litigation Reform Act,* 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners").

Based upon careful consideration of plaintiff's pleadings, the court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1). Section 1915A(b)(1) provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted.

■ In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In reviewing plaintiff's complaint pursuant to the mandated screening process, therefore, the Court applies the same standard. Under that standard, the facts alleged in plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir. 1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

1. 1915A. Screening
   (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
   (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
     (2) seeks monetary relief from a defendant who is immune from such relief.
   (c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

and conditions of parole, probation, pretrial release, or diversionary program.

2. In this case, plaintiff has apparently been released from custody, and is thus, at this stage of the litigation, no longer a "prisoner." Nevertheless, the court finds that it must still conduct a section 1915A screening, for two reasons. First, plaintiff was a prisoner at the time he filed this action. Second, the suit was brought by plaintiff in his capacity as a prisoner; that is, it advances his concerns about alleged misconduct by prison officials and injuries received at the hands of another inmate. By finding that Johnson's suit must undergo a section 1915A screening, the court furthers a goal underlying the statute: to control the flood of litigation brought against the country's prison systems.

which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–08, 97 S.Ct. 285, 292–93, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

In the present case, plaintiff claims that, although the Virginia state parole board ordered that he be released on September 23, 1993, the Prince William County Jail failed to release him until September 29, 1993. He further alleges that on September 24, 1993, he was injured in a fight with another inmate. This is apparently the second federal lawsuit in which plaintiff has raised these claims; this court dismissed plaintiff's first suit after plaintiff failed to respond to the court's interrogatories. *See Dickens v. Hill,* 2:94cv747 (E.D.Va. Oct. 13, 1994).

Plaintiff fails to state a claim upon which relief can be granted because the statute of limitations has expired. Plaintiff complains of events that occurred over three years ago. Although no specific federal statute of limitations applies to section 1983 actions, the Supreme Court has held that the state statute of limitations applies to all section 1983 claims. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Commonwealth of Virginia has a two-year statute of limitations period for personal injury actions. Va.Code Ann. § 8.01–243(A) (Michie 1992). In order to dismiss a case under section 1915A(b)(1) because the statute of limitations has expired, the court must find that the expiration of the statute of limitations is clear on the face of the com-

plaint. *See Nasim v. Warden,* 42 F.3d 1472, 1477 (4th Cir.), *vacated on other grounds,* 64 F.3d 951 (4th Cir.1995) (en banc). Here it is clear from the face of the complaint that the events of which plaintiff complains occurred more than two years before this action was brought. The events that form the basis of plaintiff's complaint occurred in 1993. Plaintiff filed this action on January 29, 1997. Even assuming that plaintiff's first lawsuit tolled the statute of limitations period, the court dismissed that suit more than two years before the present action was filed. Accordingly, plaintiff's complaint is barred by the applicable statute of limitations.

In conclusion, the Court **FINDS** that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the instant allegations are hereby **DISMISSED.**

Moreover, recent legislation has amended 28 U.S.C. § 1915 by *inter alia* adding section 1915(g) which prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under section 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the Court CAUTIONS plaintiff that this action was dismissed by the Court for failure to state a claim upon which relief can be granted.

Plaintiff is ADVISED that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Order.

The Clerk is **DIRECTED** to close the file and to mail a copy of this Opinion and Dismissal Order to plaintiff.

**IT IS SO ORDERED.**