**Barbara SCHWARZ, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 5:98–CV–286 (FJS) (GLS).

United States District Court,
N.D. New York.

March 16, 1998.

tively significant date is that it leads to arbitrary        results.

**202**

Barbara Schwarz, Salt Lake City, UT, pro se.

## DECISION and ORDER

SCULLIN, District Judge.

### I. Background

Presently before the Court is an action filed by Barbara Schwarz ("plaintiff" or "Schwarz") pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, together with an application to proceed in forma pauperis. Docket nos. 1 and 2.

For the reasons stated below, plaintiff's complaint is dismissed on the basis of improper venue under 28 U.S.C. §§ 1406(a) and 1391(e), as well as pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District as frivolous and without an arguable basis of law.

1. Venue is determined at the time suit is commenced. *See Bigio v. United States,* 710 F.Supp. 790, 791 (S.D.Fla.1988); *see also* Rule 3 of the Federal Rules of Civil Procedure (action commenced upon filing of a complaint.)

### II. Discussion

Initially, the Court notes that in plaintiffs application to proceed in forma pauperis, Schwarz did not answer questions 3(a)–(d). Docket no. 2 at ¶ 3. Accordingly, the Court denies plaintiff's application to proceed in forma pauperis as incomplete.

■ With respect to the claims in her complaint, plaintiff alleges that defendant Internal Revenue Service ("IRS" or "the agency") failed to properly respond to Schwarz's FOIA requests within the statutory time period. Schwarz commenced this suit in this district, although, at the time this action was filed, Schwarz resided in Salt Lake City, Utah.[1] *See* docket no, 1 at 1. Moreover, plaintiff's FOIA requests to the IRS were mailed to the agency offices located in the District of Columbia. *See* docket no. 1, exhibits A, B, and E.

A civil action against an agency of the United States

> ... may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property ... is situated, or (3) the plaintiff resides if no real property is involved.

28 U.S.C. § 1391(e).

Advancing to subdivision 2 of this section, because the FOIA requests were served on the IRS in Washington, D.C., this subdivision is inapplicable herein.[2] Next, as noted above, plaintiff does not reside in this district. Thus, venue is proper in this district *only* if the agency may be found to legally "reside" in this district for purposes of the instant action.

■ "There is nothing in [28 U.S.C. § 1391(e) ] or its legislative history which suggests that Congress ... sought to allow a federal agency to be sued ... wherever it may maintain an office. To the contrary, the

2. Because no real property is at issue, this second aspect of this subparagraph similarly does not apply.

wording of the statute itself precludes such an expansive reading." *Davies Precision Machining, Inc. v. Defense Logistics Agency*, 825 F.Supp. 105, 107 (E.D.Pa.1993) (*citing Reuben H. Donnelley Corp. v. Federal Trade Commission*, 580 F.2d 264, 267 (7th Cir. 1978)). Venue is not proper merely because a federal agency maintains a regional office in a district. *Davies, 825 F.Supp.* at 107; *see also Hartke v. Federal Aviation Administration*, 369 F.Supp. 741, 746 (E.D.N.Y. 1973) ("resides" for purposes of § 1391(e) shall not be construed to include every district where a subordinate of an agency has an office). Since the offices of the IRS in the Northern District of New York are not alleged to have engaged in any substantial part of the activity complained of in plaintiff's complaint, the undersigned finds that venue, as determined by 28 U.S.C. § 1391(e) is improper in this district.

Venue is also improper herein in light of the relief sought by Schwarz—the production by the IRS of various documents sought by plaintiff. When seeking to enjoin an agency from withholding records requested pursuant to FOIA, venue is proper only with the district court (i) in which the complainant resides, (ii) where the agency records are situated, or (iii) of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). In this case, plaintiff resides in Salt Lake City, Utah and plaintiff requested records from the Washington, D.C. office of the IRS. Since this district does not have authority to issue an injunction concerning this FOIA request pursuant to 5 U.S.C. 552(a)(4)(B), venue in the Northern District of New York is improper for this reason as well. In light of the fact that venue clearly does not lay in this district for this action, the undersigned next must consider whether this matter should be transferred to an appropriate district or dismissed.[3]

 For the reasons more fully outlined below, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this

District as frivolous and without an arguable basis of law.

Plaintiff complains that she made several FOIA requests, in writing, to the IRS, in an effort to prove that a Mark or Marty Rathbun has been "wrongfully incarcerated since November 21, 1988 and this just because a Nazi-conspiracy framed him in court." Docket no. 1 at 2. Plaintiff claims to have attached photos of Mr. Rathbun to her FOIA request and asked Ms. Gessay, an alleged employee of the agency, to "inform [her] if that gentleman [in the photograph] were [*sic*] involved with the Scientology closing argument, or if that was another person, saying he would be Mark Rathbun." *Id.* Schwarz then proceeds to allege, *inter alia,* that the "IRS knows that Scientology is infiltrated by non-religious people, that work on German orders" and that the "IRS works hand in hand with this conspiracy." *Id.* at 4. Plaintiff claims that the IRS has used the Internet to wrongfully portray Mr. Rathbun as a free man to "keep innocent Mark Rathbun ... wrongfully behind bars." *Id.* at 5. Since such complaint is patently frivolous on its face, the Court finds that justice requires the dismissal of this action.

Accordingly, it is hereby

ORDERED, that plaintiff's in forma pauperis application is DENIED, and it is further

ORDERED, that this action is dismissed on the basis of improper venue under 28 U.S.C. §§ 1406(a) and 1391(e), as well as on the basis of it being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

I further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

---

**3.** "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).