Donald D. STONE

v.

Robert E. WARFIELD, Sr., et al.

No. Civ. L–98–3652.

United States District Court,
D. Maryland.

Feb. 22, 1999.

Donald D. Stone, Jensen Beach, FL, Plaintiff pro se.

J. Hardin Marion, Alan M. Grochal, and Scott Anthony Thomas, Baltimore, MD, for defendants Robert E. Warfield, Sr., Charles R. Longo, Mark Sapperstein, Gilbert Sapperstein, Sondra Sapperstein, Bruce A. Moore, Hal P. Glick, Christine Ward, Edward Hammond, Jr., Joseph G. Harrison, Jr., Joseph E. Moore, Raymond C. Shockley, Regan James Reno Smith, Regan Smith, Alan M. Grochal, Mary Frances Ebersol, John Milling, Susan Michelle Cohen, Chieftan Investors, Inc., and Tydings and Rosenberg LLP.

William J. Chen, Jr., Jensen Beach, FL, for defendants Charles T. Martin, Michael A. McDermott, Jean Lynch, Robert L. Cowger, Jr., Worcester County Sheriffs Department, Office of the State's Attorney for Worcester County, James Bowden, Worcester County Commission, James G. Barrett, Worcester County Bureau of Investigation, Granville D. Trimper, and Tom Jones.

Deborah K. Besche, Baltimore, MD. for defendants William Turner, Frederick Parker, Paula Lynch, Dean J. Burrell, Township of Berlin, Maryland, Elroy Brittingham, Sr., Prentice M. Lyons, and Rex Hailey.

Dana M.S. Wilson, Baltimore, MD, for defendants Joel I. Sher, Timothy McCormack, Ann C. Lawrence, and Shapiro and Olander Professional Corp.

Kevin Francis Arthur, Baltimore, MD, for defendants Earl Bartigis and Miles and Stockbridge Professional Corp.

Joseph D. Edmondson, Jr., Washington, DC, for defendant Melvin Blecher.

Lawrence Paul Fletcher–Hill, Assistant Attorney General, Baltimore, MD, for defendants Joseph Curran, Jr., Julie Tewey, Robert N. McDonald, Vickie Gaul, Margaret Tindall, and Betty S. Sconion.

Roann Nichols, Assistant United States Attorney, Baltimore, MD, for defendants Lynne Battaglia, Dale Kelberman, George Russell, III, Lori Simpson, Thomas Scott, and Maureen Donlon.

John J. Sellinger, for John J. Sellinger.

Jack O'Connor and Michelle Proctor, proceeding, defendants pro se.

## MEMORANDUM

LEGG, District Judge.

On October 30, 1998, Mr. Donald D. Stone filed a *pro se* complaint against 99 defendants. The complaint runs 158 pages and includes 206 counts. Nearly all of the defendants have filed Motions to. Dismiss, to which Stone has filed extensive oppositions. As explained herein, the Court finds that the Complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and shall DISMISS the complaint in its entirety.

This sprawling lawsuit began with a quest to produce a better surfboard wax. In 1989, the plaintiff began experimenting with various mixtures of commercially available substances to produce a new and improved type of surfboard wax. (*See* compl. at 37). After coming up with what he believed to be a workable mixture, Stone took steps to patent and market his invention.

From that point onward, Stone alleges that he became engulfed in a vast criminal conspiracy. Stone alleges· that the conspirators, among other things, unjustly deprived him of his intellectual property and interest in the company, Donald Stone Industries, Inc. ("DSII"), founded to market his invention. The alleged conspirators include the investors in DSII, the attorneys who set up the corporation, and various state and federal officials who aided in covering up the conspiracy.

### Discussion

Now before this Court are 17 motions to dismiss filed by various defendants. Also ripe for decision is the plaintiff's Motion for Investigations into Allegations of Misconduct by Attorneys and Law Firms and several motions filed in response to that motion. The issues have been sufficiently briefed, and the Court finds that a hearing shall not be necessary. *See* Local Rule 105.6 (D.Md. 1997).

■ Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED.R.CIV.P. 8(a)(2). Commentators have observed that "the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court." CHARLES A. WRIGHT AND ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE § 1217 (2d Ed.1990). *Pro se* plaintiffs, such as Mr. Stone, are generally given more leeway than parties represented by counsel. *Id.*

■ Even under this more lenient standard, however, the Court finds the present Complaint to violate the principles and letter of the Federal Rules. The Complaint presents a tangled web of conclusory accusations that frequently fail to correspond with any supporting facts. As such, it places an unfair burden on the defendants and this Court to attempt to determine which claims have merit and which are merely outlets for Mr. Stone's frustration over the demise of the company organized to market his invention.

A brief examination of the Complaint demonstrates that it cannot serve as a useful starting point for any litigation. For example, Stone purports to bring numerous claims under federal criminal statutes, including conspiracy to commit securities fraud, wire and mail fraud, and conspiracy to obstruct justice. Individual citizens have no private right of action to institute federal criminal prosecutions. *See Hanna v. Home Insurance Co.,* 281 F.2d 298, 303 (5th Cir.1960). Furthermore, in Count 134, Stone names two lawyers from the U.S. Attorney's Office for the Southern District of Florida as co-conspirators. The complaint purports to charge the two attorneys with mail fraud for their role in furthering the conspiracy against him. Their only connection with Stone, however, appears to have been defending federal officials in a similar suit filed by Stone in the Southern District of Florida. After that case was dismissed for lack of personal jurisdiction, Stone refiled his case his Maryland and added the two attorneys to his lengthy list of conspirators.

This Court has not hesitated to require even *pro se* litigants to state their claims in a understandable and efficient manner. In *Anderson v. University of Maryland School of Law,*[1] Chief Judge Motz dismissed, before service was effected, a *pro se* complaint against 69 defendants alleging a conspiracy to deny the plaintiff his constitutional rights. The *Anderson* court noted that it was

> dismissing the action instead of granting plaintiffs leave to amend their complaint to provide more particulars about their claim because their violation of Rule 8(a) is so egregious and because it is apparent that the inclusion of at least some of the defendants is so frivolous that the present action is not a proper channel for the assertion of any arguably meritorious claim which plaintiffs might have.

*Anderson v. Univ. of Md. School of Law,* 130 F.R.D. 616, 617 (D.Md.1989). The Court finds a similar course appropriate here, particularly with respect to the inclusion of so many defendants with, at best, tenuous connections to Stone. Accordingly, the complaint in this case shall be, by separate Order, dismissed without prejudice.

Stone has also filed a Motion for Investigation Into Allegations of Misconduct By Attorneys and Law Firms under Local Rule 705. Local Rule 705 directs the presiding Judge to refer allegations of misconduct to the Court's Disciplinary Committee. The Rule applies "when allegations of misconduct ... come to the attention of a Judge of this Court." *See* Local Rule 705.1(a) (D.Md.1997). Stone claims that the allegations made in his complaint should prompt a referral to the Committee and an investigation.

At the present time, this Motion is improper. The Motions to Strike filed by several of the attorneys named in Stone's Motion shall be, by separate Order, granted.

### Conclusion

For the above stated reasons, the Complaint in this case is dismissed and the Clerk is directed to Close this case.

---

1. 130 F.R.D. 616 (D.Md.1989), *aff'd* 900 F.2d 249, 1990 WL 41120 (4th Cir.1990) (unpublished table decision).