**Charles E. PECK, Plaintiff,**

v.

**Lewis MERLETTI, et al., Defendants.**

**No. CIV.A. 3:99CV291.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 14, 1999.

Charles E. Peck, Jr., Fredericksburg, VA, pro se.

M. Hannah Lauck, United States Attorney's Office, Richmond, VA, for Lewis Merletti, Director, United States Secret Service, defendants.

## MEMORANDUM OPINION

LOWE, United States Magistrate Judge.

Charles Peck, proceeding *pro se*, filed a Freedom of Information or Privacy Act (FOIPA) action seeking to enjoin the Federal Bureau of Investigation (FBI) and the United States Secret Service (USSS) from withholding records properly requested under the FOIPA and order their production to Plaintiff. Jurisdiction is appropriate pursuant to 28 U.S.C. § 636(c)(3) and 5 U.S.C. 552(a)(4)(B).

In his pleadings, Peck raises the following claims as grounds for relief:

A) The USSS incorrectly labeled Plaintiff as schizophrenic and prevented Peck from amending the records in question in violation of FOIPA.

B) The USSS and FBI have withheld records concerning Peck despite lawful FOIPA requests.

C) Plaintiff seeks an order to speak with a specific USSS agent about information the agent gathered on Peck.

D) Plaintiff seeks an order to meet with an unidentified FBI agent who has previously dealt with Peck's claims that he is clairvoyant and can foresee crimes and events.

E) The Plaintiff asks the Court, the FBI and the USSS to acknowledge his existence.[1]

F) The Plaintiff wishes the FBI and USSS to address his psychic abilities as a true medium and discuss how modern psychiatric rules can be amended to re-educate others about psychic abilities.

On April 19, 1999, the Plaintiff filed this action seeking injunctive relief under the Freedom of Information and Privacy Act. On May 20, both parties consented to have the case tried before this Court. On June 25, Defendants filed a Motion to Enlarge Time and the motion was granted on July 6. On July 20, a second Motion to Enlarge Time was filed and it was granted on July 23. Plaintiff filed a Motion to Proceed with Expedience and Efficiency on July 21. On August 9, Defendants filed a third Motion to Enlarge Time which was granted on August 11. On August 11, Defendants filed an Answer and a Motion to Dismiss. Plaintiff filed a Response and a Motion for a Miracle on August 19. The matter is now ripe for disposition.

### *Summary of the Record*

Plaintiff is a private citizen who claims to foresee future criminal events through his dreams. He alleges the FBI and Secret Service have negligently handled his warnings of impending criminal events and that the negligence has harmed many people, including his brother, who Peck claims was one of the Pan Am Flight 103 victims. In March of 1984, the Secret Service became aware of Plaintiff and investigated him in the course of its protective and law enforcement missions.[2] In April of 1997, Peck filed a Freedom of Information Act (FOIA) request with the Secret Service asking for information about him on file with the Secret Service. A subsequent search of Secret Services records turned up one file with relevant information. A

---

1. Plaintiff's Complaint notes "My problem: i[sic] do not exist."

2. The *pro se* Plaintiff failed to comply with Local Rule 7(J)(3). Plaintiff did not identify facts stated by the moving party with which it disagrees, Plaintiff did not set forth his own version of the facts and Plaintiff failed to offer affidavits or sworn statements advancing his own version of the facts. This Court therefore accepts as true the uncontested facts as stated by the moving party.

letter was sent from the USSS to Peck on April 29, 1996, telling him information had been located and was being processed for release in compliance with the FOIA. On April 23, 1997, the Secret Service released some of its files to Peck, while reserving additional information that was statutorily exempted from FOIPA release. Plaintiff appealed the decision to withhold such information, and asked if the Secret Service's branch offices had any additional information about him and if the Secret Service maintained any tape recordings or notes of his previous conversations with USSS agents. The Secret Service conducted a second review of Peck's file after his letter of appeal was received and it also contacted the agent who had interviewed Peck in 1984. The agent in question had no written or recorded notes of the conversation.

On May 13, 1997, additional information was released to the Plaintiff while some documents continued to be withheld based on statutory exemptions. At that time, Peck was informed no tape recordings of his meetings with agents had been made. Peck was also told there was no evidence that additional records were being held at Secret Service field offices. Peck then filed a lawsuit regarding his FOIA request in the Eastern District of Virginia, only to have the case dismissed without prejudice on June 14, 1997. On April 19, 1999, Peck submitted a second request for documents, specifically letters or faxes he sent to former USSS Director Merletti. On April 19, 1999, the Secret Service asked Peck to provide additional information about his request. Plaintiff has never responded to this request for additional information nor has he ever formally requested that the Secret Service amend or change any information they maintain in regards to him. Instead, Peck filed this action.

The Secret Service conducted a search based on Peck's most recent FOIA request and discovered a letter from Peck to Merletti dated September 15, 1997. The letter and 16–page attachment has been released to Peck. In preparing its defense of this case, the Secret Service conducted another FOIA review of Peck's files to respond to his initial request and released one additional document. The Secret Service maintains that all additional material in its files regarding Peck was compiled as part of a protective intelligence investigation and is therefore exempted from disclosure under 5 U.S.C. §§ 552a(k)(2), 552a(k)(3), 552(b)(2), 552(b)(5), 552(b)(7)(C) and 552(b)(7)(E).

Peck filed a FOIA request with the FBI on March 25, 1996, requesting information on himself. On June 26, 1996, Peck was informed a search of FBI records had found nothing about him. On April 9, 1999, Peck contacted the FBI's Cleveland Field Office requesting information about himself. On April 8, 1999, Peck submitted a copy of the Cleveland letter to the FBI's Richmond Field Office, requesting any information they held on him. On April 19, 1999, Peck faxed a copy of his earlier FOIA request to the Cleveland Field Office. On April 22, 1999, the FBI sent Peck a letter notifying him he had never been an investigation target and that no records on him could be found in the FBI's central record system. Peck was also told the FBI maintained a civil file on him regarding his 1997 lawsuit.

### Analysis

Defendants have moved to dismiss on a multitude of grounds, including: failure to state a claim upon which relief can be granted, improper defendants, failure to join an indispensable party, failure to exhaust administrative remedies, and various FOIPA defenses regarding categories of information that are exempted from release. For the reasons stated below, the Court finds the claims of Plaintiff to be frivolous and without merit, thereby necessitating the approval of the Motion to Dismiss for failure to state a claim upon which relief may be granted.[3]

---

**3.** The Defendants filed a brief arguing a variety of reasons that a motion to dismiss is

appropriate in these circumstances. Since

When considering a pro se complaint for Rule 12(b)(6) purposes, the facts alleged in the complaint must be taken as true. *See Johnson v. Hill,* 965 F.Supp. 1487, 1488–89 (E.D.Va.1997). *Johnson* requires the survival of a pro se claim on a Rule 12(b)(6) motion "no matter how inartfully pleaded" unless "the complaint contains a detailed description of underlying facts which fail to state a viable claim." *Id.* at 1489 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106–108, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Courts must allow a pro se complaint to go forward where the complaint is broad and contains a "potentially cognizable claim" that the plaintiff can later particularize. *Id.; Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

There is no doubt that Plaintiff Peck's claims are broad, but they definitely lack *any* cognizable claim that could be particularized and developed as litigation proceeds. Peck submitted hundreds of pages of documents with his pleadings and motions. The motions lack formal structure and need repeated reading just to discern the Plaintiff's claims and requests for relief. Plaintiff's documents can politely be described as stream of consciousness but are more accurately described as gibberish or nonsensical rambling. The documents bear no relation on their face to the Plaintiff's claims that the Secret Service and the FBI have illegally withheld documents he lawfully requested under the FOIPA. Instead the pleadings attempt to address Peck's psychic abilities, his mental state, his significant marital and family problems, past interactions with law enforcement officials, his actual existence and the "orthodoxy" of modern psychiatric rules. The plaintiff has failed to reasonably describe the records he seeks in his

FOIA request but the Defendants have outlined all of the information they have on Peck and why the remaining files cannot be released. The justifications for withholding documents have gone unchallenged in Peck's response to the Motion to Dismiss. Instead, Peck has engaged the Court in another round of psychobabble that has no bearing on the merits of his claims. "[E]ven pro se litigants [must] state their claims in a[n] understandable and efficient manner." *Stone v. Warfield,* 184 F.R.D. 553, 555 (D.Md.1999). Here, the Plaintiff has not stated a claim in an understandable and efficient manner.

Other courts have dismissed similar actions against federal agencies where the plaintiff has alleged improper response to FOIA requests where the action is frivolous and without a basis in law. In *Schwarz v. IRS,* 998 F.Supp. 201 (N.D.N.Y.1998), a FOIA action was dismissed where plaintiff sued the IRS seeking admission that a third party was wrongfully incarcerated as part of a conspiracy involving Nazis, Scientology, Germans and the IRS. The court in *Schwarz* found the complaint "patently frivolous on its face" and therefore "justice requires the dismissal of this action." *Id.* at 203. Peck's case is as patently frivolous as Schwarz's was. Peck alleges the FBI and Secret Service have mislabeled his psychic powers as schizophrenia and have failed to heed his warnings of various crimes and disasters, thereby resulting in harm to many citizens. Peck seeks remedies in addition to FOIPA documents that include recognition of his existence, and answers to questions regarding psychiatry and psychic powers that are clearly outside the purview of the FBI, the Secret Service or this Court. Plaintiff's allegations fail to set forth any facts which might reasonably

---

the Court is ruling that the motion fails to state a claim upon which relief may be granted under Rule 12(b)(6), there is no need to address the merits of the other rationales for dismissal at this time, other than to note that many of them would be sufficient to dismiss this suit even if Plaintiff had survived a Rule

12(b)(6) motion. The other defenses are moot because even if administrative remedies were exhausted and proper parties were joined, the plaintiff still could not meet the threshold issue of stating a claim upon which the Court can offer relief.

be interpreted as a claim under FOIA. The only facts on the record are meticulous *governmental* responses attempting to comply with Peck's FOIPA requests and his bizarre pleas.

Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted is GRANTED. Plaintiff's pending Motion for Expedience and Efficiency and Motion for a Miracle are DENIED as moot.

■ The Court now turns to address the issue of Plaintiff's continued pursuit of nonexistent information through FOIPA requests and the drain on valuable judicial and law enforcement resources that has resulted from his two prior FOIPA lawsuits. "Baseless litigation is not immunized by the First Amendment right to petition." *U.S. v. Kaun,* 827 F.2d 1144, 1152 (7th Cir.1987) (quoting *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983)). "Frivolous FOIA requests are similarly not constitutionally protected." *Id.* at 1153. A federal district court is within its discretion to forbid plaintiffs who have filed frivolous lawsuits from participating in similar future frivolous litigation. *See id.* Peck has filed two lawsuits based on his FOIA requests. The first was withdrawn without prejudice and the second is today dismissed with prejudice. The First Amendment does not permit Peck to waste valuable law enforcement resources on a mind-numbing exercise to refute his baseless and incomprehensible accusations. Peck has filed pleadings and motions rife with "a tangled web of conclusory accusations that frequently fail to correspond with any supporting facts...[placing] an unfair burden on the defendants and this Court to attempt to determine which claims have merit and which are merely outlets for [his] frustration." *Stone v. Warfield,* 184 F.R.D. at 555. Any future filings by Peck in regards to this matter, or similar FOIA requests, must be in strict compliance with Federal Rule of Civil Procedure 8 in regards to "a *short and plain*

statement of the claim." Fed R. Civ. P. 8(a)(2) (emphasis added).

Accordingly, the Defendants' Motion to Dismiss will be GRANTED and this action will be DISMISSED. Plaintiff's Motion to Move with Expediency and Efficiency and the Motion for a Miracle are DENIED as moot.

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum, it is ORDERED that:

1. Defendant's motion to dismiss is GRANTED;

2. Plaintiff's claims are DISMISSED;

3. Plaintiff's Motion for a Miracle and Motion to Proceed with Expedience and Efficiency are DENIED;

4. This action is DISMISSED.

Plaintiff is advised that he may appeal the decision of the Court. Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to submit a timely notice of appeal may result in the loss of the right to appeal.

Let the Clerk of the Court send a copy of this order and the accompanying Memorandum to Plaintiff and all counsel of record.

And it is so ORDERED.